17136

LIZZIE GRAVES, Respondent, v. DAVID DUBOSE, Appellant
(92 S. E. (2d) 134)

*Elliott D. Turnage, Esq.,* of Darlington, *for Appellant,*

*Edward E. Saleeby, Esq.,* of Hartsville, *for Respondent,*.

March 26, 1956.

BRUCE LITTLEJOHN, Acting Associate Justice.

The plaintiff is the owner of a house and lot in the City of Hartsville. She brings this action to eject from the premises the defendant, who came to live with her in the house in April of 1947. It appears that both of the parties were unwed and *sui juris.* She had no income; he had no place to live, and had only a small income from the Department of Public Welfare and from such odd jobs as he was able to secure.

The complaint alleges that the house and lot is now wrongfully occupied by the defendant who refuses to leave, and asks an order of the court requiring the defendant to vacate the premises.

The answer admitted that the defendant was in possession, but alleges that the same was rightful, and alleges that the parties entered into an oral contract of marriage and began

living as man and wife, and continued to occupy the property involved as such common law man and wife until January 1, 1955, when the relatives of the plaintiff caused her to leave his bed and board. The answer further alleges that he entered into a contract whereby he undertook to support the plaintiff, pay all of her bills, repair the house, and care for her during the remainder of her natural lifetime, and alleges that the plaintiff agreed to grant to the defendant a life estate and lifetime home in the premises.

In the trial of the case the defendant abandoned the common law marriage theory, and proceeded to present his case before the master on the basis of the alleged contract, contending that he had performed his side of the contract, and that the plaintiff should perform her side of the contract by permitting him to continue to occupy the premises.

The master and the circuit judge concluded and found that the contract and relationship between the parties was such that either could terminate the contract and relationship without obligation.

This Court has repeatedly held that findings of fact by the master, concurred in by the circuit judge, will not be disturbed by this Court unless the findings are contrary to the clear preponderance of the evidence. A review of the whole of the evidence in this case indicates that the order of the lower court is abundantly substantiated by the evidence. Where parties live together by mutual consent, each apparently rendering such assistance to the other as he or she is capable of rendering to the extent that at least one of the parties thinks a common law marriage is in existence, it would be difficult if not impossible for even a court of equity to adjust the equities (if any exist) between the parties.

Let the order of the lower court be affirmed and the case remanded for the purpose of carrying out the decree of Judge Lewis.

STUKES, C. J., TAYLOR, OXNER and LEGGE, JJ., concur.